UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA FORRESTER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ORKIN SERVICES OF CALIFORNIA, INC.,<br><br>    Defendant. | Case No. 12-cv-01975-JST<br><br>**ORDER GRANTING MOTION TO ADD A PARTY; GRANTING MOTION TO REMAND**<br><br>Re: ECF Nos. 37, 38 |

In this action for negligence and personal injuries, Plaintiff Eva Forrester moves to join David Aiello as a defendant and to remand this action in the event that the Court grants her motion to join Aiello. As the motions are suitable for determination without oral argument, the hearing scheduled for May 30, 2013, is VACATED. For the reasons set forth below, both motions are GRANTED.

## I.   BACKGROUND

Plaintiff Forrester, a citizen of California, filed this action against Orkin in the Superior Court of Contra Costa County. Not. of Removal ¶ 6, ECF No. 1. Defendant Orkin, a citizen of Delaware, removed the action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Id. ¶ 7.

Forrester alleges that an Orkin employee negligently performed a pest control service at her home and that such negligence caused her to suffer personal injuries and property damage. Not. of Removal, Ex. 1, Compl. Forrester did not join the Orkin employee who performed the pest control service as a defendant because she could not "independently identify" him. Mot. at 4, ECF No. 38. Instead, she named several Doe defendants in the complaint.

Orkin did not provide the full name of the Orkin employee at issue in its initial disclosures, which it served on Forrester on August 6, 2012. Sumner Decl. ¶ 3 & Ex. A, ECF No. 37. Instead,

1  Orkin stated in such disclosures that the employee's name was "David _____ (unsure of last
2  name – in the process of obtaining information)." Id. In the months following Orkin's service of
3  its initial disclosures, Orkin's counsel told Forrester's counsel that she was continuing to search
4  for the employee at issue and that she was unsure as to whether that employee was still alive.
5  Sumner Decl. ¶ 5. Orkin's counsel denies making these statements to Forrester's counsel.[1] See
6  Martin Decl. ¶ 5, ECF No. 44, Ex. 1.

On April 9, 2013, Orkin finally revealed the full name of the employee to Forrester in its supplemental disclosures. Sumner Decl. ¶¶ 6-8. The employee's name is David Aiello. Id. Aiello is a citizen of California. ECF No. 37 ¶¶ 2, 6.

Forrester moves to join Aiello as a defendant. ECF No. 37. She argues that Aiello is a necessary party under Rule 19(a)(1) because complete relief cannot be accorded to her in his absence and because Forrester's claims against Aiello arise out of the same transaction or occurrence as her claims against Orkin. In the event that the Court grants Forrester's motion to join Aiello as a defendant, she also moves to remand this action on the basis that diversity jurisdiction no longer exists as a result of the joinder of Aiello. ECF No. 38.

## II.   LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § `1441(a). A district court must "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citations and internal quotation marks omitted).

If after removal the plaintiff seeks to join additional defendants whose joinder would

---

[1] After the briefing on Forrester's motions was completed, Orkin moved to file a surreply and Forrester moved to file an opposition to Orkin's surreply. ECF Nos. 44, 45. Both of these motions are GRANTED. In its surreply, Orkin admits that its contention in its Opposition that it had served supplemental disclosures prior to April 29 was "incorrect." ECF No. 44, Ex. 1 at 2.

2

destroy subject matter jurisdiction, the court has discretion to deny joinder, or permit joinder and remand the action to state court. 28 U.S.C. § 1447(e); see also Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

### III.	DISCUSSION

Courts generally consider the following five factors when determining whether to permit joinder under Section 1447(e): (1) whether the party sought to be joined is needed for just adjudication and would be subject to joinder under Federal Rule of Civil Procedure 19(a); (2) whether the applicable statute of limitations would prevent the filing of a new action against the defendant sought to be joined if the court denied joinder; (3) whether there has been unexplained delay in seeking joinder; (4) whether joinder is sought for the sole purpose of defeating federal jurisdiction; and (5) whether the claim against the new party appears to be valid. IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000)  (citations omitted).

Here, each of these factors weighs in favor of permitting joinder and of remanding this action.  Accordingly, Forrester's motions are GRANTED.

**A.	Aiello is Subject to Joinder Under Rule 19(a)**

Rule 19(a) requires joinder of a person whose absence (1) would preclude the grant of complete relief, (2) would impede that person's ability to protect her interests, or (3) would subject any party to the danger of inconsistent obligations. Fed. R. Civ. P. 19(a)(1).  In determining whether to allow joinder under Section 1447(e), a court may consider the requirements of Rule 19, but it is not required to do so, as "amendment under [Section] 1447(e) is a less restrictive standard than for joinder under [Rule 19]." IBC Aviation, 125 F. Supp. 2d at 1012.  "Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief." Id.

Forrester alleges, and Orkin concedes, that Aiello is the Orkin employee who performed the pest control service at issue.  As such, Aiello has a relationship to the merits of the action that is more than tangential.

Orkin argues that Aiello is not a necessary party because Forrester can obtain complete

1  relief without him, as Orkin will be vicariously liable for any acts that Aiello committed during the
2  course of his employment under the doctrine of respondeat superior. Orkin further contends that it
3  is "undisputed" that Aiello was acting within the scope of his employment at the time he
4  committed the acts that gave rise to Forrester's claims. Opp'n at 8, ECF No. 40.

5  "Under the California doctrine of respondeat superior, an employer may be held liable for
6  the tortious acts of its employees when they are acting within the scope of their employment. An
7  employee is acting within the scope of his or her employment if either one of two conditions is
8  met: (1) the act performed was either required or incident to her duties, or (2) the employee's
9  misconduct could be reasonably foreseen by the employer." Randolph v. Budget Rent-A-Car, 97
10 F.3d 319, 327 (9th Cir. 1996) (internal citations omitted). "Generally, the issue of scope of
11 employment is a question of fact, but becomes a question of law when the facts are undisputed and
12 no conflicting inferences are possible." Billings v. United States, 57 F.3d 797, 801 (9th Cir. 1995)
13 (citation omitted).

14 Though Orkin states conclusorily that the facts relevant to the respondeat superior inquiry
15 are undisputed, it provides no support for its statement. Both parties agree that Aiello's acts gave
16 rise to Forrester's claims, but Orkin has not shown that there is no dispute about (1) what those
17 acts were or (2) whether those acts were performed within the scope of Aiello's employment.
18 Orkin points to no stipulation of facts or an admission by Forrester that establishes that the facts
19 underlying the respondeat superior inquiry are not subject to dispute. Because there is room for
20 the possibility that the acts that gave rise to Forrester's claims were not performed within the
21 scope of Aiello's employment, Forrester's claims against Aiello are not foreclosed as a matter of
22 law by the doctrine of respondeat superior at this point.

23 Given that Forrester may have viable claims against Aiello, Aiello is a necessary party to
24 this action because his absence would prevent Forrester from obtaining complete relief.
25 Moreover, a separate action against Aiello would be redundant and could lead to inconsistent
26 outcomes. Accordingly, this factor weighs in favor of joinder and remand.

27 //
28 //

**B.    A New Action Against Aiello Would Be Time-Barred**

Orkin concedes that a separate action against Aiello in state court would be precluded by the statute of limitations. See ECF No. 40 at 8 ("Plaintiff's claim against Aiello is time-barred"). Accordingly, this factor weighs strongly in favor of joinder and remand.

**C.    There Has Been No Unexplained Delay in Seeking Joinder**

Forrester moved to join Aiello within a month of the date on which Orkin disclosed his identity, so there is no unexplained delay here. Orkin disclosed Aiello's name on April 9, 2013, and Forrester moved to join Aiello as a defendant on May 8, 2013. Sumner Decl. ¶¶ 6-8.

The Court is not convinced that Forrester could have determined Aiello's identity prior to Orkin's April 9 disclosures for three reasons. First, Orkin has exclusive access to information about its employees. Second, though the work order that Aiello provided to Forrester on the date of the pest control service at issue contained Aiello's signature, the signature was illegible. Sumner Decl. ¶ 4. Indeed, neither Forrester nor Orkin were able to determine Aiello's identity based on that document. Third, in the months prior to the April 9 disclosures, counsel for Orkin allegedly told Forrester's counsel that she did not have any identifying information pertaining to Aiello and that she was not sure whether Aiello was still alive. Id. ¶ 5. Though Orkin's counsel denies having made these statements to Forrester's counsel, such a denial is insufficient to establish that removal would be proper on the ground that Forrester was not diligent, as the Court must resolve any doubts pertaining to removal jurisdiction in favor of remand. See Alderman v. Pitney Bowes Mgmt. Serv, 191 F. Supp. 2d 1113, 1115 (N.D. Cal. 2002) ("The removal statute is strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.") (citations omitted).

**D.    Joinder is Not Sought Exclusively to Defeat Federal Jurisdiction and Forrester's Claims Against Aiello Are Valid**

The last two factors weigh in favor of joinder and remand.

As discussed above, Forrester may have viable claims against Aiello. The Court is persuaded that Forrester's request to join Aiello is motivated by her desire to obtain complete relief, particularly given that a separate action against Aiello in state court would be time-barred.

## IV. CONCLUSION

Forrester's motions to join Aiello as a defendant and to remand this action are GRANTED. The Clerk shall mail a copy of this Order to the Superior Court of Contra Costa County and terminate this case.

**IT IS SO ORDERED**.

Dated: May 24, 2013

_____
JON S. TIGAR
United States District Judge